THE PEOPLE *ex rel.* McCracken

*v.*

CLOVIS SOUCY.

*Filed at Mt. Vernon June 20, 1887.*

1. APPEAL—*reviewing the facts.* It can not be assigned for error in this court that the Appellate Court found the facts of a case to be substantially as presented by the record at a former term. Such finding as to controverted facts is not subject to review in this court.

2. SAME—*reciting the facts by the Appellate Court.* The provisions of the statute requiring the Appellate Court, in cases where its judgment is the result of its finding the facts differently from the trial court, to recite in its final order or judgment the facts as found, is sufficiently complied with by a recital that the facts are substantially the same as they were in the record when before the court at a former term. The facts will be understood as those relating to the point made on the former hearing.

3. The Appellate Court, in its final order, found "that the facts are substantially the same as they were in the record when the cause was before this court at a former term, and that the same effect is to be given

them as the Supreme Court determined in said cause should be given to them when that court decided the same," etc.: *Held,* that this is not an assumption that this court had settled the questions of fact by its decision. It amounts to a statement that the Appellate Court allows the same effect to be given to the facts which this court did.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. Amos Watts, Judge, presiding.

Mr. R. A. Halbert, and Mr. M. Millard, for the appellant:

When the Appellate Court reverses a judgment upon a finding of the facts differently from what the circuit court found them, it must "recite" or set them out in the final order. This evidently means they shall be spread upon the record, in order that this court may see in what respects the findings differ, and upon what basis the judgment of reversal is made to rest. The statute says the facts as found must be recited in the final order. Practice act, sec. 87.

This court has held in a number of cases that the requirement of the statute is imperative. *Tenney* v. *Foote,* 95 Ill. 107; *Tibballs* v. *Libby,* '97 id. 552; *Coal Co.* v. *Peck,* 105 id. 529; *Brown* v. *Aurora,* 109 id. 165; *Williams* v. *Forbes,* 114 id. 167; *Anderson* v. *Fruitt,* 108 id. 378.

That court having failed to find the facts, the rule will be applied as laid down in the following cases: *Brant* v. *Lill,* 96 Ill. 608; *Coal Co.* v. *Peck,* 98 id. 139; *Thomas* v. *Insurance Co.* 108 id. 91.

The Appellate Court was wrong in assuming this court had settled the controverted questions of fact. *People* v. *Soucy,* 113 Ill. 109; *Chickering* v. *Failes,* 29 id. 294; *Elston* v. *Kennicott,* 52 id. 272; *Mohler* v. *Wiltberger,* 74 id. 163; *Manufacturing Co.* v. *Wire Fence Co.* 119 id. 30.

Messrs. Koerner & Horner, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an information in the nature of a *quo warranto,* by the State's attorney of the county, on the relation of Nicholas McCracken, charging the defendant with unlawful usurpation of the office of supervisor of the village of Cahokia. A judgment of ouster against the defendant, affirmed by the Appellate Court for the Fourth District, was reversed by this court at a former term. (*Soucy* v. *The People ex rel.* 113 Ill. 109.) Upon a re-trial in the circuit court there was again judgment against the defendant, which was reversed by the Appellate Court, and this appeal taken by the plaintiff.

The finding of the Appellate Court in its final order was as follows: "That the facts are substantially the same as they were in the record when the cause was before this court at a former term, and that the same effect is to be given them as the Supreme Court determined in said cause should be given to them when said Supreme Court decided said cause and filed its opinion therein, reported in volume 113, Illinois Reports, page 109. And said Supreme Court having therein determined that said facts do not show that the appellant, Soucy, had usurped the said office, we hold the same way herein."

The errors assigned are, first, the Appellate Court erred in not setting out the facts as found by it, in the final order; second, in assuming that this court had determined and adjudged the controverted facts in the case; third, that the Appellate Court erred in saying the testimony on the two trials was substantially the same, the fact being it was totally different, that on the last being overwhelming as to the fairness and legality of McCracken's election.

The provision of the statute is, that if the judgment of the Appellate Court shall be the result of the finding of the facts differently from the trial court, it shall recite in its final order or judgment the facts as found. In the circumstances of the

22—122 ILL.

present case, we think there was here a sufficient compliance with this requirement of the statute. The question of the election of which one, McCracken or Soucy, turned upon the counting of three certain ballots, which, instead of being deposited at the front window, where the other ballots were, were received at the back door of the polling place, and not put in the ballot-box. Counting these three ballots, Soucy was elected by one majority. Attempt before was made by the relator to show that these ballots were deposited by unqualified voters; but this court held he ought not to be permitted to do so, as it appeared that it was through the force and violence of the relator or his adherents at the polls that these three persons were prevented from voting at the front window, where their qualifications to vote might have been passed upon by the judges of election, and were compelled to go to the back door and have their ballots received there by one of the judges; and when the Appellate Court say, in their finding, that the facts are substantially the same as they were before, we understand them to find this fact of prevention of voting at the regular place by force and violence.

As to the Appellate Court being wrong in assuming that this court had settled the controverted questions of fact by its former decision, we do not perceive that there is any such an assumption, but that the Appellate Court allow the same legal effect to the facts which this court did.

As to the alleged error in the Appellate Court's finding that the facts are substantially the same as they were before, that is not subject to our review.

The judgment of the Appellate Court is final as to the matters of fact. The judgment of that court must be affirmed.

*Judgment affirmed.*